## CIRCUIT COURT OF FAIRFAX COUNTY

Joel P. Bennett, P.C.

    v.

Helen Martin-Trigona et al.

August 8, 1990

Case No. (Law) 85602

## By JUDGE LEWIS HALL GRIFFITH

This matter is before the Court on (1) defendant Martin-Trigona's claim of exemption to a garnishment filed by the judgment creditor Joel P. Bennett ("Bennett") and (2) Bennett's motion for entry of an order compelling payment of funds garnished by the garnishee, Jefferson Title Agency of Northern Virginia ("Jefferson Title"). For the reasons stated below, the claim of exemption is denied and the order of payment will be granted.

The present action stems from Bennett's attempt to enforce a money judgment rendered against Martin-Trigona by the United States District Court for the District of Columbia on September 27, 1988. The judgment awarded Bennett $27,265.11, plus attorney's fees of $14,256.00, plus interest, and was docketed in the land records of Fairfax County on November 7, 1989. The garnished funds are monies which Martin-Trigona placed in escrow with Jefferson Title on January 27, 1989, when she refinanced a second deed of trust on her Fairfax County property. Because of Bennett's recorded and unsatisfied judgment, the lender required Martin-Trigona to place $45,000.00 in an interest-bearing escrow account. Under the terms of that written agreement, the escrow agent, Jefferson Title, could either

disburse the funds to Bennett if necessary to protect title to Martin-Trigona's property, or release the funds to Martin-Trigona when the judgment was satisfied.

Martin-Trigona claims that the garnishment is invalid because the underlying judgment is void and/or is currently being appealed. Neither reason prohibits the order of payment in this case. The judgment of the United States District Court for the District of Columbia, which was docketed in accordance with Virginia law, is entitled to full faith and credit in Virginia and is therefore a valid basis for garnishment. Furthermore, although Martin-Trigona may have filed a federal appeal, there is no evidence that she filed the supersedeas bond which might allow her to stay execution of the District Court's judgment. *See* Fed. R. Civ. P. 62(d).

As an alternative defense, Martin-Trigona argues that she is entitled to a $5,000.00 homestead exemption in the garnished funds by virtue of Va. Code § 34-4. Jefferson Title argues that Martin-Trigona is not entitled to that exemption because, by the terms of the escrow agreement, she lacks "an ownership right or vested interest" in the escrowed funds.

It is settled doctrine that Virginia's homestead statute should be construed liberally in favor of the party claiming an exemption. *In re Williams*, 3 Bankr. 244 (Bankr. E.D. Va. 1980). Unlike the claimant in *Ames v. Custis*, 87 Bankr. 415 (Bankr. E.D. Va. 1988), Martin-Trigona had complete ownership of the escrowed funds before placing them in escrow, and she retained a significant degree of control over the funds in escrow because she could prevent disbursement and retain ownership of the funds by paying the judgment. The order of payment will be entered, however, because there is no evidence that Martin-Trigona complied with Va. Code § 34-14 by filing a sworn inventory of her claim in the land records. *See* Va. Code § 34-14 (1990 Supp.).

Based on the above, defendant Martin-Trigona's claim of exemption from garnishment is denied, and the order of payment submitted by plaintiff Bennett will be entered.